*In forma pauperis, coming separately from SCI Phoenix*

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| RICHARD DALE HELMS SR. | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | |
| WILLIAM HAYES, QD-5657 <br> XAVIER BRIEDENSTIEN, QP-0739 <br> 'SEE ATTACHED' | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

RECEIVED JUN - 7 2023 BY:_____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | RICHARD DALE HELMS SR. |
| All other names by which you have been known: | |
| ID Number | HR-1939 |
| Current Institution | SCI PHOENIX |
| Address | 1200 MOKYCHIC DRIVE, SCI PHOENIX, |
| | COLLEGEVILLE, PA. 19426 |
| | City / State / Zip Code |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | WILLIAM HAYES, QD-5657 |
| Job or Title (if known) | INMATE |
| Shield Number | QD-5657 |
| Employer | |
| Address | 1200 MOKYCHIC DRIVE |
| | COLLEGEVILLE, PA. 19426 |
| | City / State / Zip Code |

[X] Individual capacity    [ ] Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | XAVIER BRIEDENSTIEN |
| Job or Title (if known) | INMATE |
| Shield Number | QP-0739 |
| Employer | |
| Address | 1200 MOKYCHIC DRIVE |
| | SCI PHOENIX, COLLEGEVILLE, PA. 19426 |
| | City / State / Zip Code |

[X] Individual capacity    [ ] Official capacity

Defendant No. 3
- Name: LIEUTENANT AGLAR
- Job or Title (if known): COMMISSARY LIEUTENANT, SCI PHOENIX
- Shield Number:
- Employer: SCI PHOENIX, DOC
- Address: 1200 MOKYCHIC DRIVE
  COLLEGEVILLE, PA. 19426
  City / State / Zip Code

[x] Individual capacity  [ ] Official capacity

Defendant No. 4
- Name: DEPUTY SIPPLE
- Job or Title (if known): DEPUTY SUPERINTENDENT DSCS,
- Shield Number:
- Employer/Address: SCI PHOENIX, 1200 MOKYCHIC DRIVE
  COLLEGEVILLE, PA. 19426
  City / State / Zip Code

'PLEASE SEE ATTACHED

[x] Individual capacity  [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[x] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

WITHHOLDING OF EXCULPATORY EVIDENCE (BRADY VIOLATION)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

'PLEASE SEE ATTACHED'

C. What date and approximate time did the events giving rise to your claim(s) occur?

THESE ISSUES OCCURED ON NUMEROUS DATES AND TIMES, IN THE SERIES OF EVENTS FROM DECEMBER 24, 2022 to MARCH 1, 2023

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

"PLEASE SEE ATTACHED"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

N/A

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

ACTUAL DAMAGES, $482.04
PUNITIVE DAMAGES $10000.00
FILING COSTS $350.00

WILLIAM HAYES, and XAVIER BRIDENSTIEN, STOLE MY PROPERTY
SCI PHOENIX WITHHELD EVIDENCE, THUS NOT ALLOWING PETITIONER TO CHARGE HAYES, BRIDENSTIEN IN THEFT

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[X] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCI PHOENIX

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[X] Yes

[ ] No

[ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[X] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)?

ALL CLAIMS HEREIN

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[x] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[x] Yes

[ ] No

E. If you did file a grievance:

1. Where did you file the grievance?   sci phoenix

2. What did you claim in your grievance?

WILLIAM HAYES and XAVIER BRIEDENSTIEN STOLE MY PROPERTY WHILE I WAS IN THE HOSPITAL HAVING MY LEG AMPUTATED. SCI PHOENIX FAILED TO SECURE MY PROPERTY, THEN WITHHELD EVIDENCE, NOT ALLOWING THIS PETITIONER TO PROVE HIS CLAIM. TO DATE, SCI PHOENIX IS WITHHOLDING THE EXCULPATORY EVIDENCE

3. What was the result, if any?

DENIED, DUE TO SCI PHOENIX STATES I WAS OVER MY 15 DAY LIMIT, BUT DOES NOT TAKE INTO CONSIDERATION I HAD NO ACCESS TO GRIEVANCES WHILE IN THE HOSPITAL AND INFIRMARY. NO POLICY CAN BE FOUND FOR THIS TYPE OF SITUATION.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

YES, NO RESPONSE WAS HEARD FROM MY FINAL APPEAL. ALL ALONG MY EFFORTS TO RECEIVE THE COMMISSARY RECEIPTS, I RECEIVED NO RESPONSES TO INMATE REQUESTS, NOR, AS STATED, MY FINAL APPEAL TO MECHANICSBURG.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   'ATTACHED'

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
    Plaintiff(s) _____N/A_____
    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3. Docket or index number
    _____

4. Name of Judge assigned to your case
    _____

5. Approximate date of filing lawsuit
    _____

6. Is the case still pending?

    ☐ Yes

    ☒ No

    If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    N/A
    _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

NO

☐ Yes

☒ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)    N/A
   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 5-31-23

Signature of Plaintiff
Printed Name of Plaintiff: RICHARD DALE HELMS SR.
Prison Identification #: HR-1939
Prison Address: 1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA. 19426
*City                State        Zip Code*

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

*City                State        Zip Code*

Telephone Number
E-mail Address

1    On December 24, 2022, Petitioner was admitted to Einstein Hospital, due to improper care of this Petitioner's leg, by SCI Phoenix's Medical Staff, resulting in the amputation of Petitioner's Right leg. Inmate William Hayes, QD-5657, Petitioner's Cellmate, was left in the cell.

2    On January 3, 2023 this Petitioner was released from said Hospital.

3    On January 13, 2023, as per packing slip, Inmate Hayes was ordered to pack Petitioner's cell, to which is not policy, unless a Staff Member is present the whole time, ensuring All of the inmate's property is indeed packed, and not stolen, but DOC Staff failed to follow their own rules/Policys. Infirmary C/O Ross had requested Petitioner's combination for the lock on Petitioner's locker, while Petitioner was laying in the Infirmary bed.

4    On January 13, 2023, Petitioner's Food, was still in said locker. Only Petitioner's general property i.e. Commissary Towels, Extension Cords, Headphones, Etc. were stolen (full List and Prices enclosed) at Exhibit 'B') was stolen

5    On January 13th, 2023, Unit Manager, J. Wychunis, moved Inmate Xavier Briedenstien, QP-0739 into Petitioner's old cell, again, with said food in the locker yet. Sgt. Hamaday tried opening said lock, but could not. It was at this point, (Hamaday) gave the combination to (Hayes and Briedenstien) but once again, they could not open it through the combination, due to not knowing how to open a Lifer's Combination lock. (Hayes and Briedenstien asked Brent Kilgus, JB Block, Cell 213, to try to open said lock, to which he could not. Later that same night, Briedenstien then kicked the lock, breaking it, then (Hayes and Briedenstien) cleared out said locker, Selling, Eating, and Making Food for other Inmates. Kilgus is a direct witness to this act of selling and making food for others on the block

6    On February 8, 2023, Petitioner was released from the SCI Infirmary. Petitioner was sent back to 'J' Block, 1033 cell, a Two Man Cell. Petitioner

immediately informed Sgt. Hamaday, that due to having One Leg, Petitioner could not get in the cell, not being able to even walk with the walker, due to not enough room to move around. Sgt. Hamaday told this Petitioner, there was nothing she could do. "You will have to wait until tomorrow, and speak with Unit Manager, J. Wychunis. Petitioner informed Sgt. Hamaday that if Petitioner falls, there will be issues. Once again, Sgt. Hamaday walked away.

7    February 9, 2023, Petitioner informed Sgt. Mauer of the issue of Petitioner's possible issue of falling. Petitioner requested to either be moved into a Handicapped Cell, or sent back to the infirmary due to having an open wound.

8    Sgt. Mauer found Petitioner a Handicapped Cell on 'H' Block.

9    Sgt. Mauer informed Petitioner that he was given a small amount of food, but Unit Manager, J. Wychunis, had looked in the bag, finding nothing but open bags of food, so he threw it away.

10    Sgt. Mauer informed Petitioner, he would look for the missing food.

11    Approximately Three days later, Sgt. Mauer sent a 'Note' over with another inmate, stating: One Charger, Four Bowls, and Four Bags of Chips, so far). Enclosed

12    Petitioner requested C/O Kopic, 'H' Block C/O, to call 'J' Block, and speak with Sgt. Mauer, to find out when Petitioner could pick-up said property Sgt. Mauer found, as per the note. Petitioner sat listening to the exchange of words, hearing Sgt. Mauer stating he would call when Petitioner could come over.

13    Two weeks later, Petitioner was not contacted, and to date, no property was given to Petitioner.

14    Later, Petitioner saw Sgt. Mauer on the walk, outside 'H' Block. He informed Petitioner, J. Wychunis forbid him from returning the property,

because it would involve them in the theft. One needs to ask one's self, if you did nothing wrong, why wouldn't you assist in a theft?

15   SCI Phoenix, is refusing Petitioner's Grievances, due to they state, they are over Fifteen (15) Days.

16   Petitioner asserts, There were no grievances available at Einstein Hospital, nor in SCI Phoenix's Infirmary. Petitioner wrote to Infirmary Counselor, Receiving the Inmate Request back, with no response. January 13, 2023 would be the fifteenth (15) working Day. As stated, Petitioner was in the Infirmary at this point. Petitioner was released on February 8th, 2023, to which is Thirty Three (33) days, until Petitioner had his first access to Grievances, thus Petitioner filed the first one, on February 9th, 2023, to which, SCI Phoenix denies, due to being over 15 Days.

17   Petitioner asserts, if one can not have access to said grievance, Petitioner can not file one within the time allotted. SCI Phoenix needs to address it's policy, and internal issues, to afford an Inmate that has no access to 'Forms' an opportunity file said grievance, once said form is available. Petitioner finds no such policy, on the issue.

18   An example; If an Inmate had been in the Hospital for Thirty Three Working Days, without access to SCI grievances, could this Inmate be held in the same standard, as a person with access to said Grievances?  Petitioner asserts the answer is 'No', but this is exactly the case at hand.

19   SCI Phoenix is withholding the exculpatory evidence needed to prove the property was in fact stolen. A clear BRADY Violation <u>BRADY v. MARYLAND, 373, U.S. 83, 83, S.Ct. 1194, 10 L.Ed.2d, 215, 1963</u>

20   Petitioner requests this Honorable Court, to Order SCI Phoenix to produce Petitioner's Commissary receipts from September 1, 2022 to December 25, 2022, in order to show the purchase of said property, and food, while Petitioner was ill, to the total amount of Four Hundred Eighty Two dollars and Four Cents ($482.04) plus the filing of charges, for Breaking and Entering, and theft of property from said locker, and Theft of property of

3

the cell. Petitioner also requests this Honorable Court to hold SCI Phoenix Liable for willful withholding of evidence, and the unwarranted hardship placed upon the Petitioner for no reason, other than to harass. It is requested that SCI Phoenix be liable for Ten Thousand Dollars (10000.00) in addition to the Four Hundred Eighty Two dollars and Four Cents ($482.04) of Commissary, and Filing Charges, and Hindering the apprehension of the Two inmate perpetrators of the original grievance, by failing to provide said receipts.

---

### ADDITIONAL DEFENDANTS

DEPUTY SIPPLE
LT. AGLAR
SGT. HAMADAY
SGT. MAUER
J. WYCHUNIS
C/O ROSS

---

DEPUTY SUPERINTENDENT SCI PHOENIX, SIPPLE
LIEUTENANT AGLAR, SCI PHOENIX, COMMISSARY LIEUTENANT
SERGEANT HAMADAY, SCI PHOENIX SERGEANT 'J' BLOCK
SERGEANT MAUER, SCI PHOENIX, SERGEANT 'J' BLOCK

J. WYCHUNIS, 'J' BLOCK UNIT MANAGER

C/O ROSS, SCI PHOENIX INFIRMARY CORRECTIONAL OFFICER

ALL INDIVIDUAL CAPACITY

---

PLEASE BE ADVISED, IN FORMA PAUPERIS
WILL BE COMING SEPARATELY BY SCI PHOENIX

4

#1      SECURE PAK RECEIPT FROM 3RD QUARTER
#2      SECURE PAK 3RD QUARTER, ALL STOLEN
#3      SECURE PAK 3RD QUARTER, THEN GOES INTO 4TH QUARTER
#4      SECURE PAK 4TH QUARTER, ALL STOLEN
#5      SECURE PAK, ALL STOLEN, 4TH QUARTER.

PLEASE NOTE; THESE FOREGOING RECEIPTS WERE SENT BY SECURE PAK.
#6      RECEIPT FROM MY BAG, THAT I PUT I MY BOOK.
#7      COMMISSARY RECEIPT, THAT I GOT BEFORE GOING TO HOSPITAL, IT WAS PUT IN MY BOOK
#8      INMATE RECEIPT
#9      GRIEVANCE #969510
#10     GRIEVANCE 2ND PAGE #969510
#11     INMATE REQUEST FOR ADDITIONAL TIME, NO RESPONSE BY MS. OWENS
#12     APPEAL TO FACILITY MANAGER, GRIEVANCE #969510
#13     GRIEVANCE #969510
#14     FACILITY MANAGER RESPONSE, GRIEVANCE #969510
#15     GRIEVANCE #1023934
#16     FINAL REVIEW EXTENSION, DENIED
#17     FINAL REVIEW
#18     FINAL REVIEW 2ND PAGE.
#19     GRIEVANCE #1030621
#20     GRIEVANCE #1030621
#21     GRIEVANCE #1030621

THESE RECEIPTS SHOW MY JOURNEY TO RECEIVE SIMPLE RECEIPTS, BUT SCI PHOENIX REFUSED TO ASSIST ME, IN A THEFT OF MY PROPERTY. THE ONLY REASON THAT I CAN FIND, IS THEY KNEW THEIR STAFF WAS INVOLVED, THEREBY, PURPOSELY WITHHELD THE EXCULPATORY EVIDENCE.
   ONCE THE RECEIPTS ARE IN HAND, IF I HAVE TO, I WILL FILE AGAIN, TO GET MY REQUEST OF DAMAGES, TO WHICH, IS WHY I HAVE SENT ALONG THE INFORMATION, HOPING THE DOC WILL NOT WASTE THIS HONORABLE COURTS TIME, IN FORCING ME TO FILE AGAIN.

RICHARD HELMS
HR 1939
SCI PHOENIX
1200 Mokychic Dr.
COLLEGEVILLE, PA, 19426

EASTERN DISTRICT OF PA,
CLERK, UNITED STATES DISTRICT COURT
601 MARKET ST
PHILA, PA. 19106-1797